**SCARINCI & HOLLENBECK, LLC**
Joel R. Glucksman, Esq. (JG 6443)
1100 Valley Brook Ave., P.O. Box 790
Lyndhurst, New Jersey 07071
Tel. (201) 896-4100; Fax (201) 896-8660
Attorneys for the City of Union City

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ALFRED F. CHAO and<br>CHRIS ANNE CHAO,<br><br>**Debtors.** | Case No.: 18-24434-vfp<br><br>Chapter 13<br><br>Hearing Date: September 20, 2018<br><br>Oral Argument: Not Requested Unless Opposed |

**OBJECTION BY THE CITY OF UNION CITY
TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 13 PLAN**

Comes now the City of Union City (the "City"), a secured creditor in the within case, by and through its counsel Scarinci & Hollenbeck, LLC, and files the within objection to the proposed Chapter 13 Plan (the "Plan") by the debtors Alfred F. Chao and Chris Anne Chao ("Debtors"). In support thereof, the City says as follows:

**Introduction**

1.  The Debtors' Plan fails to list the City as having a priming, first priority secured claim in the amount of $3,171.15. The Plan must accordingly be amended or rejected.

## Background to the City's Claims

2. The City is a Municipal Corporation of the State of New Jersey.

3. Upon information and belief, as of the date of their bankruptcy petition and continuing until today, the Debtors owned real property at 2701 Palisade Avenue, Union City, New Jersey (the "Property").

4. As of the date of the bankruptcy petition, plus the amounts accruing thereafter, Debtors owe the City no less than the sum of $3,171.15, on account of unpaid real estate taxes for the third quarter of 2018. Of that sum, $3,171.15 represents principal and $0.00 thereof represents interest through July 27, 2018. The basis for these amounts is described herein in greater detail.

5. On August 1, 2018, counsel for the City filed its proof of claim in this case for the above-stated amounts. A true and correct copy of same, docketed in the Debtors' case as claim number 5, is annexed hereto as Exhibit A.

6. Furthermore, all of the above amounts will increase during the bankruptcy and be added to the City's claims. The City reserves the right to amend its claim in order to assert all such additional amounts as part of its overall claim.

### Objection to the Debtors' Proposed Chapter 13 Plan

7. The Debtors' Plan fails to list the City as having a priming, first priority secured claim. At present the City's secured claim totals $3,171.15. As such, Debtors' Plan does not provide the funding to cover the City's prepetition arrears and is therefore not feasible. The Plan must accordingly be amended or rejected.

8. The legal basis for the City's claims is at N.J.Stat.Ann. §§ 54:5-6 and 54:5-9. These provide that rates, fees, or other charges levied by the City in accordance with the statutory structure "shall be a first lien or charge against the property benefited therefrom." Moreover, as noted in Ocean County Bd. of Realtors v. Borough of Beachwood, 248 N.J.Super. 241, 252 (L.Div.1991):

> N.J.S.A. 54:5-8 directs that all other municipal charges which are liens on real property shall become liens on the respective dates fixed by law.

9. The City is also entitled to post-interest on its claims pursuant to these same statutes, which provide that "interest upon the amount unpaid shall accrue." Where a creditor is over-secured (as is the case here -- where Debtors' Schedule A lists the real estate as having a value of $400,000), the creditor is entitled to interest, and any reasonable fees, costs and charges incurred post-petition. United States Association v. Timbers of Inwood Forest, 484 U.S. 365, 372 (1988); see also 11 U.S.C. §506(b). This entitlement is applicable regardless of whether the over-secured claim is consensual or non-consensual. See U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989).

10. The City is further entitled to recovery of its legal fees, due to the language in N.J.Stat.Ann. §§ 54:5-6 which states:

> Taxes on lands shall be a continuous lien on the land on which they are assessed and all subsequent taxes, interest, penalties **and costs of collection** which thereafter fall due or accrue shall be added to and be a part of such initial lien. [Emphasis added.]

The City is therefore entitled to recover its costs of collection, including attorneys' fees.

11.  All sums provided herein are subject to revision and/or modification, including but not limited to amendments to account for additional accruals of principal, interest, and costs of collection. The City specifically reserves the right to update, supplement, or revise its claim.

WHEREFORE, the City of Union City respectfully asks that the proposed Chapter 13 plan (the "Plan") by Debtors Alfredo F. Chao and Chris Anne Chao either be amended or rejected.

Dated: August 8, 2018

Respectfully submitted,

Scarinci & Hollenbeck, LLC
1100 Valley Brook Ave., P. O. Box 790
Lyndhurst, NJ  07071-0790
Attorneys for the Old Bridge Municipal
Utilities Authority

By: */s/ Joel R. Glucksman*
    JOEL R. GLUCKSMAN, ESQ.

# EXHIBIT -A-

4833-1259-2495, v. 1

**Fill in this information to identify the case:**

Debtor 1   Alfredo F. Chao

Debtor 2   Chris Anne Chao
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of New Jersey

Case number   18-24434-VFP

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

City of Union City
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Joel Glucksman c/o Scarinci & Hollenbeck
Name

1100 Valley Brook Ave., P.O. Box 790
Number    Street

Lyndhurst          NJ       07071
City              State    ZIP Code

Contact phone  201-896-4100

Contact email  jglucksman@sh-law.com

Where should payments to the creditor be sent? (if different)

Sonia Schulman, City of Union City
Name

3715 Palisade Avenue
Number    Street

Union City         NJ       07087
City              State    ZIP Code

Contact phone  201-348-5719

Contact email  sschulman@ucnj.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on  __ __ / __ __ / __ __ __ __
                                                                          MM   / DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                           Proof of Claim                           page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
- ☐ No
- ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 3,171.15. Does this amount include interest or other charges?
- ☐ No
- ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Real estate taxes

**9. Is all or part of the claim secured?**
- ☐ No
- ☑ Yes. The claim is secured by a lien on property.

    **Nature of property:**
    - ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
    - ☐ Motor vehicle
    - ☐ Other. Describe: _____

    **Basis for perfection:** Statutory; N.J.Stat.Ann. § 54:5-6; 54:5-9
    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** $ _____
    **Amount of the claim that is secured:** $ 3,171.15
    **Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $ 3,171.15

    **Annual Interest Rate** (when case was filed) 18.00 %
    - ☐ Fixed
    - ☐ Variable

**10. Is this claim based on a lease?**
- ☑ No
- ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
- ☑ No
- ☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/31/2018
                 MM / DD / YYYY

/s/ Joel R. Glucksman, Esq.
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Joel | Richard | Glucksman |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: Partner

Company: Scarinci & Hollenbeck, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 1100 Valley Brook Avenue, P.O. Box 790
Number    Street

Lyndhurst    NJ    07071
City    State    ZIP Code

Contact phone: 201-896-4100    Email: jglucksman@sh-law.com

## RIDER TO PROOF OF CLAIM

### Real Estate Taxes Owed.

1. Upon information and belief, as of the 7/19/18 date of their bankruptcy petition (the "Petition Date") and continuing until today, the debtors Alfredo F. Chao and Chris Anne Chao (the "Debtors") owned real property at 2701 Palisade Avenue in the City of Union City, New Jersey (the "Property").

2. As of the Petition Date, the Debtors owed the claimant City of Union City (the "City") on account of unpaid real property taxes $3,171.15 through the third quarter of 2018.

3. The amount described in paragraph 2 are set forth in greater detail in the Tax Account document annexed hereto as **Exhibit A**.

4. The above amount will increase during the bankruptcy and add to the City's claims. The City reserves the right to amend this proof of claim in order to assert all such additional amounts as part of its overall claim.

5. The City's claims as set forth above are priming, first-priority secured liens, pursuant to N.J.Stat.Ann. 54:5-9.

6. Moreover, pursuant to N.J.Stat.Ann. 54:5-6, "[t]axes on lands shall be a continuous lien on the land on which they are assessed and all subsequent taxes, interest, penalties and costs of collection which thereafter fall due or accrue shall be added to and be a part of such initial lien."

7. The City is also entitled to recover its costs of collection, per N.J. Stat. Ann. §54:5-6, including attorneys' fees, and reserves the right to assert such sums. Additionally, sums due include interest accruing at 8% for first $1,500.00 delinquent and 18% for all additional sums. See N.J.Stat.Ann. 54:4-67.

4843-8790-6670, v. 1

8. The City is further entitled to be paid post-petition interest. Where a creditor is oversecured (as is the case here, upon information and belief), the creditor is entitled to interest, and any reasonable fees, costs and charges, post-petition. United States Association v. Timbers of Inwood Forest, 484 U.S. 365, 372 (1988); see also 11 U.S.C. §506(b). This entitlement is applicable regardless of whether the oversecured claim is consensual or non-consensual. See U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989).

9. All sums provided herein are subject to revision and/or modification, including but not limited to amendments to account for accruals of principal, interest, and costs of collection. The City specifically reserves the right to update, supplement, or revise this Proof of Claim as required and/or as it is able.

### Property Agreements.

10. In addition, and without limiting the generality of the foregoing, the City specifically notes, and reserves all rights with regard to the fact that, Debtors are, or may be, party to certain agreements or other contracts with the City regarding the Property and/or related matters. Upon information and belief, Debtors may be in default under one or more of these agreements, and the City is investigating same to determine its rights. The City specifically reserves its right to amend this proof of claim to assert any such additional damages.

### Summary of Voluminous Documents

11. Records as to taxes and other amounts owed are or may be voluminous. Such records, including but not limited to records of attorneys' fees and/or costs of collection, tax assessments and the value of collateral, and/or other documents, may be inspected (subject to all applicable privileges or other objections or bases for nonproduction) by Debtor, any trustee, or any party in interest possessing standing to review same, on reasonable notice, at the offices of

4843-8790-6670, v. 1

counsel, Scarinci Hollenbeck, 1100 Valley Brook Avenue, Lyndhurst, New Jersey 07071 (attention: Joel R. Glucksman, Esq.).

# EXHIBIT -A-

July 27, 2018  
10:00 AM  

CITY OF UNION CITY  
Tax Account Detail Inquiry  

Page No: 1

BLQ: 151.   24.  
Owner Name: CHAO, ALFREDO & CHRIS  

Tax Year: 2018 to 2018  
Property Location: 2701 PALISADE AVE

| Tax Year: 2018 | Qtr 1 | Qtr 2 | Qtr 3 | Qtr 4 | Total |
|---|---|---|---|---|---|
| Original Billed: | 3,110.51 | 3,110.50 | 3,171.15 | 0.00 | 9,392.16 |
| Payments: | 3,110.51 | 3,110.50 | 0.00 | 0.00 | 6,221.01 |
| Balance: | 0.00 | 0.00 | 3,171.15 | 0.00 | 3,171.15 |

| Date | Qtr | Type Description | Code | Check No | Mthd | Reference | Batch Id | Principal | Interest | 2018 Prin Balance |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  | Original Billed |  |  |  |  |  | 9,392.16 |  | 9,392.16 |
| 02/08/18 | 1 | Payment CORELOGIC | 001 | VARIOUS | CK | 9939 1041 | SS | 3,110.51 | 0.00 | 6,281.65 |
| 05/08/18 | 2 | Payment CORELOGIC | 001 | VARIOUS | CK | 10466 1321 | SS | 3,110.50 | 0.00 | 3,171.15 |

Total Principal Balance for Tax Years in Range: 3,171.15