STATISTICAL INFORMATION ONLY: Debtor must reflect the number of each of the following items included in the Plan.

_0 Valuation of Security          0_ Assumption of Executory Contract or Unexpired Lease          _0 Lien Avoidance

---

Last revised: December 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: <u>Alfredo Chao & Chris Anne Chao</u>          Case No.: <u>18-24434</u>

Debtor(s)                                             Judge:  Papalia

**Chapter 13 Plan and Motions**

☑ Original                    ☐ Modified/Notice Required

☐ Motions Included            ☐ Modified/No Notice Required    Date: <u>07/30/2018</u>

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULTS IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: <u>JLM</u>          Initial Debtor: ___          Initial Co-Debtor: ___

### Part 1: Payment and Length of Plan

a. The debtor shall pay <u>$3,466.00</u> per <u>Month</u> to the Chapter 13 Trustee, starting on <u>August 1, 2018</u> for approximately <u>60</u> months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☑ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:

        ☐ Sale of real property

            Description: _____

            Proposed date for completion: _____

        ☐ Refinance of real property:

            Description: _____

            Proposed date for completion: _____

        [X] Loan modification with respect to mortgage encumbering property:

            Description: 279 Highland Avenue

            Proposed date for completion: 11/30/2018

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☒ None

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $2,500.00 |
| State of New Jersey - Department of the Treasury | Tax Obligation | $14,102.32.00 |
|  |  |  |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☐ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence**

☐ NONE

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Mr. Cooper | 279 Highland Avenue | $50,000 | 3.375% | Arrears to be cured through loan modification. Trustee not to distribute any funds towards arrears while modification is pending. | $2,300. This amount represents 60% of the principal and interest payment and 100% of the escrow payment as permitted by the court loss mitigation program. |

b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:

☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ditech | 2701 Palisade Avenue | $94,000 | 4.00% | $97,760 | $2,944.84 |

c. Secured claims excluded from 11 U.S.C. 506:

☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid Through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments

☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**

☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Sheraton Vista Villages

Santander

**g. Secured Claims to be Paid in Full Through the Plan:** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Internal Revenue Service | 2701 Palisade Ave. | $55,829.27 |

## Part 5: Unsecured Claims
☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☑ Not less than 100.00% percent

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis of Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases
☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may preventassumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

| Part 7: Motions ☒ NONE |
|---|

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

☒

| Creditor | Collateral | Schedule Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Part 8: Other Plan Provisions |
|---|

a. **Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority Claims
3) Secured Claims
4) Unsecured Claims

d. **Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| Part 9: Modification ☑ NONE | |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below.<br>Date of Plan being Modified:_____. | |
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| Are Schedules I and J being filed simultaneously with this Modified Plan? ☐ Yes ☐ No | |

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.
The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.
I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 07/30/2018              Javier Merino
                              Attorney for the Debtor

Date: 07/30/2018              /s/ Alfredo F. Chao
                              Debtor

Date: 07/30/2018              /s/ Chris Anne Chao
                              Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 07/30/2018              Javier Merino
                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 07/30/2018              /s/ Alfredo F. Chao
                              Debtor

Date: 07/30/2018              /s/ Chris Anne Chao
                              Joint Debtor

```
                              United States Bankruptcy Court
                                   District of New Jersey
In re:                                                              Case No. 18-24434-VFP
Alfredo F. Chao                                                     Chapter 13
Chris Anne Chao
        Debtors                   CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin                 Page 1 of 2                  Date Rcvd: Aug 07, 2018
                              Form ID: pdf901             Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 09, 2018.
db/jdb         +Alfredo F. Chao,    Chris Anne Chao,    279 Highland Avenue,    Wood Ridge, NJ 07075-1523
cr             +City of Union City,    Joel R. Glucksman, Esq.,     Scarinci & Hollenbeck,
                 1100 Valley Brook Avenue,    PO Box 790,    Lyndhurst, NJ 07071-0790
517652824      +Active Orthopedic & Sports Medicine,     attn: BILLING,    440 Old Hook Rd.,
                 Emerson, NJ 07630-1331
517652826      +Ashwood Fin,    1303 Stadium Ave,    Indianapolis, IN 46202
517678011      +City of Union City,    c/o Joel R. Glucksman, Esq.,     Scarinci & Hollenbeck, LLC,
                 1100 Valley Brook Avenue,    Lyndhurst, NJ 07071-3620
517652832      +DVCMC Association Manager,    PO Box 470727,    Celebration, FL 34747-0727
517652834       Ditech,   345 St. Peter Stre Saint,    Paul, MN 55102
517652836      +Hackensack Foot and Ankle Center,     24 Bergen St. Ste. 1,    Hackensack, NJ 07601-5461
517652840      +Mr. Cooper,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
517652841      +Nationwide Credit, Inc.,    PO Box 14581,    Des Moines, IA 50306-3581
517652842      +North Hudson Sewerage Authority,     1600 Adams St.,    Hoboken, NJ 07030-2304
517652843      +PSE&G Co.,    PO Box 14444,   New Brunswick, NJ 08906-4444
517652844       QVC Inc. Easy Pay,    Customer Service,    1200 Wilson Drive at Studio Park,
                 West Chester, PA 19380
517652845      +Santander,    Po Box 961245,   Fort Worth, TX 76161-0244
517652847       Sheraton Vistana Villages Resort Villas,,     2401 International Dr.,    Orlando, FL 32821
517652851      +Spring OB/GYN, PC,    PO Box 14099,    Belfast, ME 04915-4034
517652852      +State of New Jersey - Department of the Treas,     Division of Taxation,    PO box 1018,
                 Moorestown, NJ 08057-0018

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 08 2018 00:02:14      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 08 2018 00:02:11      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517652825      +E-mail/Text: bankruptcy@acbhq.com Aug 08 2018 00:01:31      American Cb,   1200 N Federal Hwy,
                 Boca Raton, FL 33432-2803
517652827       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 08 2018 00:08:43      Cap One,
                 Po Box 85015,   Richmond, VA 23285-5075
517652828      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 08 2018 00:01:55      Cb/Avenue,    Po Box 182789,
                 Columbus, OH 43218-2789
517652829      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 08 2018 00:01:55      Cb/Vicscrt,
                 220 W Schrock Rd,    Westerville, OH 43081-2873
517652831      +E-mail/PDF: creditonebknotifications@resurgent.com Aug 08 2018 00:09:15      Creditonebnk,
                 Po Box 98872,   Las Vegas, NV 89193-8872
517652833       E-mail/Text: mrdiscen@discover.com Aug 08 2018 00:01:02      Discoverbank,   Pob 15316,
                 Wilmington, DE 19850
517663227       E-mail/Text: mrdiscen@discover.com Aug 08 2018 00:01:02      Discover Bank,
                 Discover Products Inc,    PO Box 3025,   New Albany, OH 43054-3025
517652837      +E-mail/Text: cio.bncmail@irs.gov Aug 08 2018 00:01:26      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
517652848      +E-mail/Text: newyork.bnc@ssa.gov Aug 08 2018 00:02:39      Social Security Administration,
                 Mid-Atlantic Program Service Center,    300 Spring Garden St.,   Philadelphia, PA 19123-2992
517652850      +E-mail/Text: newyork.bnc@ssa.gov Aug 08 2018 00:02:39      Social Security Administration,
                 935 ALLWOOD RD,    Clifton, NJ 07012-1997
517652849      +E-mail/Text: newyork.bnc@ssa.gov Aug 08 2018 00:02:39      Social Security Administration,
                 Office of the General Counsel, Region II,    26 Federal Plaza, Room 3904,
                 New York, NY 10278-4199
517652853      +E-mail/Text: bankruptcydepartment@tsico.com Aug 08 2018 00:03:05      Transworld Systems, Inc.,
                 500 Virginia Dr. Ste. 514,    Fort Washington, PA 19034-2707
                                                                                              TOTAL: 14

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517652830       Collbureau
517652835       Erc
517652838       Jeffcapsys
517652839       Kohls/Cap1
517652846       Sheraton Vista Villages
                                                                                   TOTALS: 5, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Aug 07, 2018
                              Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 09, 2018                                             Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2018 at the address(es) listed below:
              Charles G. Wohlrab    on behalf of Creditor    LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES,
               SERIES 2006-15, U.S. Bank National Association, as Trustee, successor in interest to Bank of
               America National Association, as Trustee, successor by cwohlrab@logs.com,
               njbankruptcynotifications@logs.com
              Javier L. Merino    on behalf of Joint Debtor Chris Anne  Chao jmerino@dannlaw.com,
               notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;edwardo@dannlaw.com;9497659420@filings.d
               ocketbird.com;Amy@DannLaw.com
              Javier L. Merino    on behalf of Debtor Alfredo F. Chao jmerino@dannlaw.com,
               notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;edwardo@dannlaw.com;9497659420@filings.d
               ocketbird.com;Amy@DannLaw.com
              Joel R. Glucksman    on behalf of Creditor   City of Union City jglucksman@sh-law.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    DITECH FINANCIAL LLC rsolarz@kmllawgroup.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```